IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY A. HURDSMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-cv-290-RP |
| KATHLEEN POKLUDA, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the Joint Motion to Dismiss by Plaintiff Rodney A. Hurdsman ("Hursdman") and Defendants Kathleen Pokluda, Mike Gleason, Jeffrey Williams, Michael Brumleve, Brien Casey, Jimmy Mobley, Mario Barcenas, Aric Herrera, Julian Villarreal, Bruce Voisine, Doug Wheless, and Williamson County, Texas (collectively, the "County Defendants"). (Dkt. 119). The parties resolved all claims between Hurdsman and the County Defendants and jointly request that the Court dismiss all claims against the County Defendants with prejudice. (*Id.* at 1).

The Court construes the parties' motion to dismiss as a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 41(a)(2). Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

1

Hursdman seeks to voluntarily dismiss his claims with prejudice. (Dkt. 119). The County Defendants joined Hursdman's request for dismissal. (*See id.*). The Court thus finds that the County Defendants will not suffer prejudice from the dismissal of Hurdsman's claims against them. *See* Fed. R. Civ. P. 41(a)(2).

Accordingly, the joint motion to dismiss, (Dkt. 119), is **GRANTED**. **IT IS ORDERED** that Hurdsman's claims against the County Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that each party shall bear its own costs.

The Court will enter final judgment by separate order.

**SIGNED** on October 13, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE